FISHER, Circuit Judge,
concurring in part and dissenting in part.
The majority concludes that neither of the two intervenor-plaintiffs in this case has standing to pursue a claim for breach of fiduciary duty under § 502(a) of the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. § 1132(a). While I agree that Elizabeth Melley cannot maintain such a claim, because she was never an employee of Blue Cross and could not have relied on the company’s purported misrepresentations, I believe that Jean Mikulis, as a former Blue Cross employee, has demonstrated a potential right to relief and should be allowed to proceed with her case. I respectfully dissent from the decision to affirm the dismissal of her claim.
The majority acknowledges that, “in a proper case, we may find that a plaintiff has statutory standing if the plaintiff can in good faith plead that she was an ERISA plan participant or beneficiary and that she still would be but for the alleged malfeasance of a plan fiduciary.” Swpra p. 129 (majority op.). I submit that this is a “proper case.” According to the complaint, Mikulis was urged by Blue Cross in 1992, after nearly thirteen years of service, to accept early retirement. She acquiesced after being assured by the company that she would receive full health insurance benefits upon retirement and that those benefits would continue “without amendment” for her lifetime. (A.144, 146, 158.) This promise, of guaranteed lifetime benefits without the possibility of change, is plainly contrary to plan provisions reserving the administrator’s right to amend. As a result of her reliance on this misrepresentation, Mikulis was denied benefits when the plan was amended in 2001 to limit coverage to only those retirees who had worked at the company for more than fifteen years. (A.168, 173.) Had Mikulis known in 1992 that her benefits were subject to change, she presumably would have remained in the company’s employ, possibly exceeding the fifteen-year threshold for coverage under the current plan. (A.144-46, 158.) In other words, “but for” the alleged misrepresentation by Blue Cross, Mikulis might still be a participant in the plan. Cf. supra p. 123 (majority op.) (“Mikulis contends that, but for Blue Cross’s misrepresentations and omissions, she would not have taken early retirement.”). She thus has standing to assert a claim for breach of fiduciary duty. See, e.g., Daniels v. Thomas & Betts Corp., 263 F.3d 66, 73-76, 78-79 (3d Cir.2001).
The deficiencies cited by my colleagues are not grounds for dismissal. They complain that (1) Mikulis has set forth only “generalities” regarding the factual predicate of her claim, (2) she has not specified “how much longer she would have worked ‘but for’ the alleged misrepresentations,” and (3) she “has not alleged that the statements made by Blue Cross prior to the 1993 amendment were false at the time that they were made.” Supra p. 129 (majority op.). The third point seems to ignore Mikulis’s allegation that the company promised her in 1992 that the health insurance benefits offered under the then-existing plan would not be subject to change, a representation that is clearly contrary to the plan’s terms. (A.142-44, 168, 173.)
The other two points are similarly invalid, as they seem to impose upon Mikulis a “heightened pleading standard,” demanding that she set forth the facts underlying her claim with particularity. This approach has been soundly rejected by the Supreme *131 Court as inconsistent with the liberal pleading system embodied in the Federal Rules of Civil Procedure, which require only that the complaint provide “fair notice” of the proposed cause of action, allowing the court to assess whether relief is potentially available and permitting the parties to engage in meaningful discovery. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1202, 1215 (3d ed.2004). The complaint in this case satisfies this minimal burden. Cf. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (“[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”). The concerns raised by my colleagues reflect possible deficiencies in the proof, not defects in the pleadings, and they should be addressed through discovery and summary judgment, not dismissal of the complaint. See, e.g., Swierkiewicz, 534 U.S. at 514, 122 S.Ct. 992.
I would reverse the order of the District Court dismissing the complaint as to Miku-lis and remand for further proceedings.